Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9049 | **DATE** | December 3, 2012 |
| **CASE TITLE** | Alex Daniel (#2007-0087744) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. Plaintiff may proceed with is complaint against the Defendants Cook County, Sheriff Tom Dart, and Cook County Jail Supervisors Santiago and J. Findley. The clerk shall issue summonses for service of the complaint by the U.S. Marshal; shall mail a copy of this order to the trust fund officer at the Cook County Jail; and shall forward to Plaintiff a consent form to proceed before a Magistrate Judge and instructions as to how file documents in this case. The Court denies Plaintiff's request for an order compelling Defendants to provide greater access to the jail's law library [5]; however, the Court certifies that Plaintiff has cases pending before this Court and should receive reasonable access to the library as this case proceeds.

■ **[For further details see text below.]**　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　Plaintiff, Alex Daniel, currently confined at the Cook County Jail, has filed this 42 U.S.C. § 1983 civil rights action against Cook County, Cook County Sheriff Tom Dart, and Cook County Jail Mailroom Supervisors Santiago and J. Findley. Plaintiff alleges that, in the later part of 2011 and throughout 2012, there have been delays with receiving mail and his legal mail has been opened outside his presence on several occasions. Plaintiff seeks to file his complaint *in forma pauperis* ("IFP") and seeks the appointment of counsel.

　　　Plaintiff's IFP application reveals that he cannot pay the $350 filing fee. The Court grants his motion to proceed IFP and assesses an initial partial filing fee of $19.80. The supervisor of inmate trust accounts at his place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

　　　The Court has conducted a review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff has stated a colorable cause of action against the Defendants. *See Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987) (repeated delays and mishandling of an inmate's mail can state a § 1983 claim). Plaintiff may proceed with his complaint against the Defendants.
**(continued)**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　isk

| STATEMENT (continued) |
|---|

    The clerk shall issue summonses for service of the complaint on Defendants, and the U.S. Marshal is directed to serve them. The Marshal shall send Plaintiff any forms necessary for the Marshal to serve Defendants. Plaintiff's failure to return the forms may result in the dismissal of Defendants. With respect to any Defendant no longer at the Cook County Jail, officials there shall provide the Marshal with Defendant's last-known addresses. The information shall be used only for purposes of effectuating service, or to show proof of service and shall be retained only by the Marshal. Address information shall not be kept in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain a waiver, the Marshal shall attempt to serve Defendant with personal service.

    Plaintiff is instructed to file all future papers concerning this case with the Clerk of Court in care of Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. Also, he must send an exact copy of any court filing to Defendants, or their attorney once one enters an appearance. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the Plaintiff.

    Plaintiff's motion for the appointment of counsel is denied without prejudice. This case does not currently involve complex issues of law, complex discovery issues, or an evidentiary hearing, and Plaintiff's pleadings indicate that he can represent himself competently at this time. *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).

    As to Plaintiff's request for greater library use, such use does not appear necessary at this time, given that his complaint and other filings are sufficient to allow this case proceed. The Court, however, notes that reasonable access should be provided to him as the case progresses.