IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Alex Daniel (#2007-0087744), ) | | |
|     Plaintiff, ) | Case No: 12 C 9049 | |
| ) | | |
| v. ) | | |
| ) | Judge Elaine E. Bucklo | |
| Cook County, et al., ) | | |
|     Defendants. ) | | |

## ORDER

Plaintiff's third amended complaint [74] may proceed for the claims that his mail was routinely delayed. lost, and mishandled at the Cook County Jail. All other claims in the third amended complaint are dismissed. Defendants are directed to respond to the third amended complaint within 30 days. Their motion to dismiss the amended complaint [50] is denied as moot.

## STATEMENT

Plaintiff Alex Daniel, a pretrial detainee confined at the Cook County Jail, has submitted a third amended complaint, *see* R. 74, as well as a responses to Defendants' motion to dismiss his prior complaint. *See* R. 71, 75. In his third amended complaint, Plaintiff again alleges that his mail, both legal and non-legal, has been delayed, lost, and mishandled at the jail. As before, he names Cook County, Sheriff Tom Dart, and Cook County Jail Mailroom Supervisors Santiago and Findley as Defendants.

The third amended complaint alleges the following: In January of 2012, letters Plaintiff addressed to his fiancé and to his ex-wife were opened and placed back in the wrong envelopes, such that the fiancé received the ex-wife's letter and the ex-wife received the fiance's letter. R. 74 at 8-9. Also in January of 2012, Plaintiff received a letter 2½ weeks after it had been mailed. *Id.* at 9.

On February 13, 2012, a letter from his criminal defense attorney was opened outside of Plaintiff's presence; a note appeared on the envelope "opened in error." *Id.* at 10. Other inmates' legal mail was allegedly also opened outside their presence. *Id.* Later that month, Plaintiff wrote to Sheriff Tom Dart complaining about the mail. *Id.* On February 27, 2012, Plaintiff received a letter from the Illinois Attorney Registration and Disciplinary Commission ("ARDC"), asking him to respond within two weeks regarding a complaint he filed about an attorney. The letter was dated February 3, 2012, and Plaintiff thus missed the deadline (Plaintiff does not state what occurred in the ARDC proceedings). *Id.* On February 28, 2012, Plaintiff received a letter he mailed eight months earlier on June 9, 2011, with a note stating that he could not reuse stamps. *Id.*

In March of 2012, Plaintiff received two pieces of mail with religious materials for a bible study class; the materials had been mailed three months earlier. *Id.* at 11. Plaintiff states he again told Tom Dart about problems with the mail and that Plaintiff had filed grievances, to which Dart allegedly responded there was nothing he could do. *Id.*

On August 27, 2012, Plaintiff received a letter from his attorneys in a civil case. The letter

had been mailed first class on August 16, 2012. *Id.* at 11. In December of 2012, Plaintiff received a letter from his civil attorneys that had been opened outside Plaintiff's presence. *Id.*

On June 13, 2013, Plaintiff received an order form the district court dated June 7, 2013, directing him to submit by June 14, 2013, a list of damages for a settlement conference. *id.*

Plaintiff goes on to allege additional instances where mail was either never received or received late in 2013, as well as difficulties with him receiving adequate access to the prison library. Plaintiff states that he filed grievances about both his mail and library access. R. 74 at 12-13.

Although Plaintiff did not file a motion to submit another amended complaint, the court previously advised him that, in order to include additional claims, an amended complaint was required. The court notes that the events giving rise to some of Plaintiff's new claims occurred after he initiated this suit; however, Fed. R. Civ. P. 15(d) allows for the inclusion of such claims. The court thus accepts the third amended complaint and proceeds with a preliminary review pursuant to 28 U.S.C. § 1915A.

"A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987), quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "Allegations of a continuing pattern of disregard for a prisoner's First Amendment right to read and to receive all but the most inflammatory and provocative publications" may state a claim. *Sizemore*, 829 F.2d at 610; *see also Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (allegations of "a continuing pattern or repeated occurrences of" delayed or mishandled mail state a "valid claim for a First Amendment violation"). "[M]erely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials," however, is insufficient, and "isolated instances of loss or theft of an inmate's reading materials" do not support a § 1983 claim. *Id.*; *see also Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999).

Plaintiff's allegations that mail was delayed weeks and even months, that mail was improperly sent after being opened, and that mailed items were lost indicate more than isolated delays and disruptions with receiving and sending his mail. Plaintiff may thus proceed with his claim that mail was routinely delayed, mishandled, and lost.

Plaintiff's allegations about delayed or opened legal mail (letters from his attorneys, orders from the court, and the ARDC letter), as well as his allegations about inadequate library access, do not, however, state a claim of denied access to the courts. To succeed on such a claim, Plaintiff must establish that "defendants' conduct prejudice[d] a potentially meritorious challenge to the [his] conviction, sentence, or conditions of confinement." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006), citing *Lewis v. Casey*, 518 U.S. 343 (1996). Additionally, the complaint must "'make specific allegations as to the prejudice suffered because of the defendants' alleged conduct.'" *Marshall*, 445 F.3d at 968 (citation omitted). Although Plaintiff alleges that a letter from the ARDC was received after the date for a response, that mail from his attorneys and the court was delayed and opened, and that Plaintiff has had inadequate library access, he states no information as to how he was prejudiced. *Id.*; *see also In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) (denied access to court claim was properly dismissed where plaintiff failed to provide information of the underlying legal claims and how they were frustrated by delays). Certainly in the instant case, the court sees no prejudice to Plaintiff as all of his pleadings have been accepted and considered. Plaintiff having submitted several complaints, as well as responses to Defendants' motion to dismiss, it is clear that he has not been and cannot allege prejudice to support a denied access to courts claim. Delays and opening of Plaintiff's legal mail may be considered for his claims of a "continuing pattern" and "repeated occurrences" of mailed being delayed and mishandled; however, to the extent Plaintiff seeks to assert a violation of his right of access to the courts, such a claim is dismissed.

To the extent Plaintiff seeks to bring claims of violation of his right to practice his religion or

an illegal search and seizure with respect to opened mail, he alleges at most only conclusory assertions that such rights have been violated and provides no information to support these claims. R. 74 at 15-16. The third amended complaint does not sufficiently assert these claims. *Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013) ("Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

Accordingly, Plaintiff's third amended complaint may proceed with its claims that mail at the Cook County Jail was routinely delayed, lost, or otherwise mishandled thus frustrating Plaintiff's First Amendment right. *See Sizemore,* 829 F.2d at 610; *Zimmerman*, 226 F.3d at 572. All other claims are dismissed. Given that the third amended complaint may proceed, the motion to dismiss Plaintiff's prior amended complaint is denied as moot. Defendants are directed to respond to the third amended complaint by the above stated date.

Date:  Jan. 29, 2014                                                          /s/ Hon. Elaine E. Bucklo